

CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

The following constitutes the ruling of the court and has the force and effect therein described.

Signed May 8, 2024

_____
**United States Bankruptcy Judge**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § § | Chapter 7 |
| MATTHEW PETROSKI, | § § | Case No. 22-31282-mvl7 |
| Debtor. | § § § | |
| KRISTIN ASH, | § § § | |
| Plaintiff, | § § § | |
| v. | § § | Adv. Pro. No. 22-03104 |
| MATTHEW PETROSKI, | § § § | |
| Defendant. | § § § | |

**ORDER ON SUMMARY JUDGMENT DETERMINING DEBT
<u>NON-DISCHARGEABLE PURSUANT TO 11 U.S.C. § 523(a)(15)</u>**

1

I. **INTRODUCTION.**

Before the Court is the *Complaint to Determine Dischargeability of Debt* (the "**Complaint**") filed by Plaintiff Kristin Ash (the "**Plaintiff**"). ECF No. 1. Plaintiff seeks to prevent Defendant Matthew Petroski (the "**Defendant**"), her former spouse, from discharging a debt she asserts was incurred in connection with their divorce, relying on the discharge exception under 11 U.S.C. § 523(a)(15). *See* ECF Nos. 1, 14, 15, and 18. Based on that premise, Plaintiff requests the Court enter summary judgment in her favor. *Id.* On the other hand, the Defendant requests summary judgment in his favor, requesting that the Court find the debt to be unenforceable based on his allegation that the underlying contract was induced by Plaintiff's improper conduct. *See* ECF Nos. 13 and 16. Upon consideration of the pleadings, oral argument, and the record in this case, the Court concludes that there is no issue of material fact with regard to the Defendant's obligation under the Note as incorporated into the Divorce Decree (as defined hereinafter) and as such, the Court finds that the debt is nondischargeable under 11 U.S.C. § 523(a)(15). For the reasons more fully set forth below, the Court will enter summary judgment in favor of Plaintiff.

II. **JURISDICTION.**

The Court has jurisdiction over this matter and the parties pursuant to 28 U.S.C. §§ 1334 and 157(a). This is a core proceeding in accordance with 28 U.S.C. § 157(b)(2)(I). Further, the parties have consented to this Court's authority to enter a final order in this matter.

III. **BACKGROUND AND PROCEDURAL HISTORY.**

The facts are not complicated and are primarily undisputed. The parties were married on or about January 25, 2020. ECF No. 12, p. 2, ¶ 3. Before and during their marriage, Plaintiff paid for expenses on behalf of Defendant. *Id.* at ¶ 4. Plaintiff filed for divorce on August 7, 2020, (the "**First Divorce Petition**") and drafted a promissory note (the "**Note**"), which would be

2

incorporated into a Partition Agreement (the "**Partition Agreement**") for the parties to sign. *Id.* at ¶ 5–6. In presenting the proposed Partition Agreement to Defendant in October of 2020, the Plaintiff indicated to Defendant that she would withdraw the First Divorce Petition if Defendant signed the Partition Agreement and granted her the Note. *Id.* at ¶ 7.

Defendant contends that he signed the Note and Partition Agreement on October 9, 2020, under duress. *Id.* at ¶ 8. Both parties admit that Plaintiff withdrew her First Divorce Petition on October 15, 2020, then filed for divorce for a second time (the "**Second Divorce Petition**") only eight days later. *Id.* at ¶ 9–10. The parties divorced on December 22, 2020, pursuant to an *Agreed Final Decree of Divorce* (the "**Divorce Decree**") entered by the District Court of Rockwall County, Texas (the "**State Court**"). *See* ECF No. 12, p. 2, ¶ 11. The Note and Partition Agreement are expressly referenced by and incorporated into the Divorce Decree. *Id.* at ¶ 12.

The Defendant filed his petition for relief under chapter 7 of the Bankruptcy Code on July 21, 2022.[1] The instant adversary proceeding was commenced on October 18, 2022, when Plaintiff filed her *Complaint to Determine Dischargeability of Debt*. ECF No. 1. On December 12, 2022, the Defendant filed his *Original Answer*. ECF No. 7. On January 17, 2023, this Court held a status conference wherein the parties expressed their intent to proceed on stipulated facts and request judgment from the Court on their briefs as if presented on summary judgment rather than going to trial, if possible. The parties agreed at the status conference to submit an *Agreed Scheduling Order* [ECF No. 10] and an *Agreed Stipulation of Facts* [ECF No. 12] in order to streamline the process.

On February 20, 2023, the Defendant filed the *Defendant's Brief in Opposition* requesting judgment against the Plaintiff. *See* ECF No. 13. The next day, the Plaintiff filed the *Brief of*

---

[1] *Voluntary Petition for Individuals Filing Bankruptcy* in Bankruptcy Case No. 22-31282-mvl-7, ECF No. 1.

*Kristin Ash* in support of the Complaint, requesting judgment declaring the debt nondischargeable. *See* ECF No. 14. On February 23, 2023, the Plaintiff filed the *Kristin Ash Reply to Defendant's Brief in Opposition*. *See* ECF No. 15. A few days later, the Defendant filed the *Defendant's Reply Brief* on February 26, 2023. *See* ECF No. 16. The next week, on March 7, 2023, the Plaintiff filed the *Kristin Ash Surreply to Defendant's Reply Brief*. *See* ECF No. 18.

On March 22, 2023, the Court held a hearing where counsel appeared for each of the parties and presented oral argument in support of their respective positions. At the conclusion of oral argument, the Defendant sought the opportunity to seek relief from the State Court with regard to his argument against the enforceability of the Note and the underlying debt. The Plaintiff did not object. On April 7, 2023, the Court issued its *Order of Abatement*, whereby the Court abstained from ruling on this matter pending a decision from the State Court on the enforceability of the Note. *See* ECF No. 20, p. 2.

On August 1, 2023, the Court conducted a further status conference on the matter, where counsel appeared for both Plaintiff and Defendant. Counsel for the Defendant informed the Court that (1) the State Court had ruled that the Note was enforceable as it had been incorporated into the Partition Agreement and the Divorce Decree,[2] and (2) the Defendant was considering whether or not to appeal this ruling and would make such a decision within two weeks. On August 15, 2023, at a continued status conference, Plaintiff's counsel informed the Court that Plaintiff had appealed the State Court ruling. The Court informed the parties that it would continue to hold its ruling in abeyance pending a final determination of the matter by the State Court of Appeals.

---

[2] *Petroski v. Ash*¸ No. 05-23-00844-CV, 2024 WL 1736381, at *1 (Tex. App.—Dallas April 23, 2024) (discussing the trial court's order granting summary judgment in favor of Plaintiff Kristin Ash on the validity and enforceability of the Note and Partition Agreement).

4

The State Court of Appeals has affirmed the judgment of the lower State Court that the Note is enforceable.[3] The Defendant does not intend to seek a further appeal, and the parties are prepared for this Court to rule. Based on the foregoing, the following shall constitute the Court's reasoning for granting summary judgment in favor of the Plaintiff.

IV. <u>DISCUSSION</u>.

Plaintiff requests that the Court declare the debt at issue in this adversary proceeding non-dischargeable under 11 U.S.C. § 523(a)(15). That section provides:

> A discharge under section 727 … of this title does not discharge an individual debtor from any debt – to a spouse, former spouse, or child of the debtor and not of the kind described in paragraph (5) that is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record, or a determination made in accordance with State or territorial law by a governmental unit.

11 U.S.C. § 523(a)(15). The Fifth Circuit has held that the plain language of section 523(a)(15) determines that "any debt … [not in the nature of alimony or child support] that is incurred in the course of a divorce or separation" is clearly nondischargeable under the statute.[4] In this case, it is uncontested that the debt at issue arises from the Note and the Partition Agreement, which have been incorporated into the Divorce Decree that was entered by the State Court. As such, the debt is necessarily of the type that is excepted from discharge under section 523(a)(15).

The Defendant argues that the Note and the Partition Agreement, and thereby the Divorce Decree that incorporates the same, are unenforceable due to the Plaintiff's improper conduct in the inducing Defendant to sign the Note and the Partition Agreement. *See* ECF No. 16. Specifically, Defendant argues that the Plaintiff committed fraud in the inducement of the contract by promising

---

[3] *Id.* at *2 (affirming the trial court's summary judgment on the enforceability of the Note as incorporated into the Divorce Decree).
[4] *See Matter of Gamble*, 143 F.3d 223, 225 (5th Cir. 1998); *see also In re Kinkade*, 707 F.3d 546, 549, n. 3 (5th Cir. 2013).

5

to withdraw her First Divorce Petition in order to get Defendant to sign the Note and Partition Agreement, then filing her Second Divorce Petition only eight days later. *Id.* at p. 3, ¶ 8. As such, Defendant argues the Plaintiff has violated core principles of contract law and the debt can be avoided under state law. *Id.*

The Defendant is essentially seeking to raise the issue of enforceability as a defense to Plaintiff's request for judgment on dischargeability. In so doing, the Defendant conflates two separate legal issues. Dischargeability and enforcement of a debt are separate issues requiring separate judgment. The Fifth Circuit, in *Kinkade*, has held that section 523(a)(15) "leaves it to the state court to decide whether a property right is properly addressed in divorce proceedings or as a separate contractual claim." 707 F.3d at 550. For instance, in *In re Valentine*, although the bankruptcy court determined that a debt that had been reduced to judgment in a state court divorce proceeding was non-dischargeable under 523(a)(15), the bankruptcy court left enforceability to be determined by the state court that had rendered the judgment.[5]

It should be noted that, the Plaintiff is not seeking a judgment from this Court determining that the debt is enforceable under Texas law. *See* ECF Nos. 1, 14, 15, and 18. The sole issue that Plaintiff has asked this Court to decide is whether the debt is nondischargeable under section 523(a)(15). In light of the foregoing and the relevant case law on this matter, the Court does not consider the Defendant's enforceability argument herein, as they have no bearing on whether a debt should be found dischargeable under section 523(a)(15).[6]

---

[5] Adv. Pro. No. 10-1199 J, 2011 WL 830621, at *2 (Bankr. D.N.M. Mar. 3, 2011); *see also Robbins v. Breckenridge (In re Robbins)*, 1997 WL 34726864, at *10 (Bankr. W.D. Tenn. Aug. 13, 1997) (after finding that the obligations were non-dischargeable under 11 U.S.C. § 523(a)(15), the bankruptcy court concluded that the state court should determine remaining issues, such as enforcement or modification of obligations).

[6] Separately, the Court will reiterate that the State Court has now determined that the Note is enforceable as it was incorporated into the Divorce Decree. This ruling was affirmed by the State Court of Appeals. *See Petroski*, 2024 WL 1736381, at *2 (affirming the summary judgment of the trial court on the enforceability of the Note).

Interpreting section 523(a)(15) in *Gamble*, the Fifth Circuit made clear that, when interpreting the Bankruptcy Code, "as long as the statutory scheme is coherent and consistent, there generally is no need for a court to inquire beyond the plain language of the statute." 143 F.3d at 225 (quoting *BFP v. Resolution Trust Corp.*, 511 U.S. 531, 566 (1994)). Guided by Supreme Court precedent, the Fifth Circuit held that where *there is no dispute* that the debt in question was incurred in the course of a divorce or separation or in connection with a separation agreement, and it is not in the nature of alimony or child support, "*there can be no dispute* that § 523(a)(15) is controlling and dispositive as to that debt's dischargeability." *Id.* (emphasis added).

In the instant case, *there is no dispute* between the parties that the debt in question was incurred in connection with a separation agreement which was then incorporated into the Divorce Decree. *There is no dispute* that the debt is not in the nature of alimony or child support, nor does the Debtor seek exception from discharge under the applicable provisions that concern such obligations. As such, this Court concludes that the debt owed by Defendant to Plaintiff under the Note and Partition Agreement is nondischargeable pursuant to 11 U.S.C. § 523(a)(15). Based on the foregoing, it is hereby

**ORDERED** that Plaintiff's motion for summary judgment is hereby **GRANTED** and the Defendant's motion for summary judgment is hereby **DENIED;** it is further

**ORDERED** that the relief requested in the Complaint be granted, and that the debt owed to Plaintiff under the Note and Partition Agreement, as incorporated by the Divorce Decree, is hereby determined to be nondischargeable under 11 U.S.C. § 523(a)(15); and it is further

**ORDERED** that this Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

###END OF ORDER###